This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39438**

**JEFFERY BARKSDALE,**

     Plaintiff-Appellant,

v.

**MOSAIC POTASH CARLSBAD, INC.,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Mark Sanchez, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Kemp Smith LLP
Clara B. Burns
El Paso, TX

for Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}**    Plaintiff appeals the district court's order granting summary judgment in favor of Defendant and dismissing Plaintiff's complaint for employment discrimination. The district court's order was filed on November 11, 2020. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiff filed a memorandum in opposition, amended, to our proposed summary affirmance, and Defendant filed a memorandum in support, both of which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In Plaintiff's amended memorandum in opposition, he has elaborated on the facts which he believes were material and disputed. [MIO 7-10] With regard to his Plaintiff's disparate pay claim, Plaintiff has continued to assert that he established a genuine dispute of material fact "because Plaintiff provided evidence that Plaintiff was informed by Charles Black in late 2017" that Defendant was paying Charles Black more than Plaintiff in 2013. [MIO 9] As we explained in our notice of proposed disposition, Charles Black's statement to Plaintiff regarding his wages was not presented to the district court in an admissible form. [CN 9] *See Griffin v. Thomas*, 2004-NMCA-088, ¶¶ 42-43, 136 N.M. 129, 95 P.3d 1044 (reasoning that the district court should not consider unsubstantiated hearsay statements contained within an affidavit submitted to support or rebut a motion for summary judgment). The statement plainly does not meet the definition of a present sense impression, as claimed by Plaintiff. [MIO 15] *See* Rule 11-803(1) NMRA (defining a present sense impression). Nor would it be admissible for its truth, if offered for its effect on Plaintiff, the hearer [MIO 15]. *See* Rule 11-801(C)(2) NMRA (excluding statements not offered for their truth from the definition of hearsay). We are therefore not persuaded that Plaintiff created a genuine dispute of material fact as to this issue. *See Griffin*, 2004-NMCA-088, ¶¶ 42-43.

**{3}**     Plaintiff's memorandum in opposition also clarified the dispute of fact underlying his disparate treatment claim. [MIO 7-8] Plaintiff's memorandum notes the undisputed fact that Defendant provided a shared "single four-door, double cab pickup with room for six individuals to use" to transport employees "from the shop to the worksite being dozed." [MIO 7-8] However, Plaintiff asserts that he provided evidence that his "[white] co-workers, other dozer operators, were provided their own work truck when their work site was not in close proximity to the company building[;] Plaintiff previously had a work truck that was taken away, but Defendant denied providing him a work truck after he requested one[; and] Plaintiff was forced to walk nearly a mile[, carrying oil and gasoline,] to get to his work site." [MIO 8] Plaintiff contends that these facts created a genuine dispute of material fact sufficient to withstand summary judgment as to his disparate treatment claim. [MIO 8, 12-13] We disagree.

**{4}**     While this evidence creates a dispute of fact as to whether or not Plaintiff was treated differently than other dozer operators who are white, we agree with Defendant that, in the absence of any evidence indicating that the white dozer operators referenced by Plaintiff were similarly situated to Plaintiff, this evidence alone is not enough to withstand summary judgment. [MIS 4] And, to the extent that Plaintiff having to either walk or share a vehicle from the shop to the worksite, as opposed to having his own individual work vehicle, constituted a change in the conditions of Plaintiff's employment, Plaintiff has pointed to no evidence that it was a *significant* change in his employment conditions such that it would constitute an adverse employment action. [CN 6-7] *See Ulibarri v. State of N.M. Corr. Acad.*, 2006-NMSC-009, ¶ 16, 139 N.M. 193, 131 P.3d 43 (citing authority indicating that "[a] tangible [adverse] employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits" (internal quotation marks and citation omitted)).

**{5}**     Similarly, although Plaintiff contends that, related to his claim of retaliation, he presented disputed evidence that he engaged in a protected activity [MIO 10], as we explained in our calendar notice, this evidence is insufficient to preclude summary judgment in the absence of any evidence that Plaintiff suffered an adverse employment action. [CN 6] Although Plaintiff's memorandum in opposition is more informative than his docketing statement on this point, we are not persuaded that the admissible evidence presented to the district court created a genuine dispute of material fact as to whether Defendant took adverse employment action against Plaintiff in retaliation for protected conduct.

**{6}**     Plaintiff has not otherwise asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**